CHARLES SHAW *vs.* ROBERT W. GILMORE.

Penobscot. Opinion March 19, 1889.

*Replevin. Mortgage of crops. When void.*

At common law, the grant of crops of hay to be grown for an indefinite period of time in the future, upon the land of the assignor, and of which he retains possession, is inoperative and conveys no title to the same as against a *bona fide* purchaser of a year's crop, after the same has been harvested.

ON REPORT. This was an action of replevin. Writ dated November 2, 1881. Plea, general issue and brief statement, that at the date of the writ and the service thereof the title to the property, and the right of possession was not in the plaintiff, but in him the defendant, and in Gilman, Cheney & Co. who furnished him the money to pay for the same.

The plaintiff, to support his title to the property claimed, being forty tons of hay, introduced a mortgage of real estate, from which the hay was cut, given by one Sanford Stevens to plaintiff, dated April 14, 1877, and recorded April 20, 1877, and one of the $1,000 notes secured thereby; also a chattel mortgage, which appears in

the opinion, dated April 19, 1877, and recorded in the town clerk's office, of Dexter, the same day.

The defendant introduced evidence, bearing upon the question of said Stevens' residence, at the date of the chattel mortgage, and which defendant alleged was in Bangor, while the plaintiff offered testimony to show it was in Dexter.

Counsel argued this question of residence, and the proper place for recording the chattel mortgage, in their briefs at length. A report of the arguments upon this point, becomes unnecessary, by reason of the construction put upon the chattel mortgage, by the court.

The full court were to render such decision as the rights of the parties required, upon the legally admissible evidence.

*Crosby and Crosby*, for plaintiff.

That the hay was not in potential existence, at the date of the chattel mortgage, plaintiff answers, that Shaw's deed of the farm to Stevens, the mortgage of the same back to Shaw by Stevens and the latter's chattel mortgage of the hay to Shaw, were all simultaneous.

Defendant had full knowledge of the chattel mortgage. He had lived in Dexter for ten years or more, said he knew all about it, and he had solicited advice of attorneys who informed him that it amounted to nothing. *Sheldon* v. *Connor*, 48 Maine, 584, was decided by a divided court. It can not be said that the law upon this point can be considered settled in defendant's favor.

*T. H. B. Pierce*, for defendant.

Chattel mortgage invalid, because it does not describe definitely the farm that is to produce the mortgaged hay; it does not say when bought, nor where situated. Plaintiff can not recover because the twenty-five tons reserved are included in the replevied hay. Mortgage contains a power of sale which would protect a purchaser from Stevens. It was given before Stevens had any title to the farm if it means this farm from which the hay was cut. The deed of farm and mortgage back, not delivered until the next day, at least, after the mortgage of hay was recorded. Nothing conveyed by the chattel mortgage given before delivery of the

other deeds.   *Head* v. *Goodwin*, 37 Maine, 187; *Pratt* v. *Chase*, 40 Id. 269 ; *Morrill* v. *Noyes*, 56 Id. 469; *Farrar* v. *Smith*, 64 Id. 77.

It can not affect third parties whose rights have intervened. *Allen* v. *Goodnow*, 71 Maine, 420; *Griffith* v. *Douglass*, 73 Id. 535.

HASKELL, J.   The plaintiff claims title to certain hay, cut upon a farm in 1881, by virtue of an equitable mortgage, dated April 19, 1877, of the following tenor :

"For a valuable consideration, to me paid by Charles Shaw of Dexter, I hereby sell to him all the hay that is to be cut on the farm I have bought of him, and I agree to harvest and safely store the said hay in the barn on the said farm, and keep the same without expense to said Shaw, and deliver the same to him on demand.   Twenty-five tons of the said hay is to be reserved from this sale for my own use.   It is hereby agreed as a condition in this trade that we are to dispose of the said hay from year to year, to the best advantage, and apply the proceeds to the payment of the notes that yearly become due on the payment of said farm. The crops of 1877 is to be applied in payment of the note that becomes due April 14th, 1878, and the crops of 1878 in payment of the note that becomes due in 1879, and so on from year to year. It is further agreed that I am to keep an amount of insurance on the said hay that will amount to four hundred dollars."

This is an action at law, and must be decided upon legal and not equitable principles.   It is a maxim of the common law, that a man can not grant that which he hath not; but it is well settled, that he may assign that of which he is "potentially, but not actually possessed.   He may make a valid sale of the wine that a vineyard is expected to produce, or of the grain a field may grow in a given time."   The sale however can only operate upon a specific thing, as the grass of a particular field during a specified time that the grantor owned the right to cut and gather it in. *Emerson* v. *E. & N. A. Railway Co.*, 67 Maine, 387 ; *Farrar* v. *Smith*, 64 Maine, 74.   Even in equity, an assignment of wages to be earned in the future, but not under an existing employment, must specify the time during which such wages are to be earned, and the employment from which they are expected to arise ; and the assignment must neither contravene public policy, nor be

inequitable. *Edwards* v. *Peterson,* 80 Maine, 367; *Lehigh Val. R. Co.* v. *Woodring,* (Pa.) 9 Atl. Rep. 58.

In the present case, the grant purports to be of the yearly crop of hay for an indefinite period of time. The controversy is over the fifth crop, sold by the assignor, who was in possession of the same, to a *bona fide* purchaser. Under the rules of the common law, the conveyance must be held inoperative as to the hay in dispute and, therefore, the plaintiff's title to the same fails.

*Judgment for defendant and for return.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.